O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4965 AHM (VBK) | Date | November 16, 2010 |
|---|---|---|---|
| Title | GREGORIO ORTIZ, JR. v. DOMINGO URIBE, JR. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

It has come to the Court's attention that Petitioner apparently did not receive any of the items listed in the docket for this case.  As a result of the Court's failure, Petitioner therefore did not receive timely notice of the Judgment and some of the related filings leading up to and accompanying it.

The Court acts *sua sponte* under its equitable powers and under Rule 4(a)(6) of the Federal Rules of Appellate Procedure to reopen the time for appeal for a period of 14 days to permit Petitioner to file a notice of appeal, request a certificate of appealability from the Ninth Circuit (28 U.S.C. § 2253(c)(1)), or take such other action he deems appropriate to perfect an appeal from the Judgment entered July 19, 2010.  The Court finds that Petitioner did not receive notice of the Judgment within 21 days of entry of the Judgment, Fed. R. App. P. 4(a)(6)(A); that the Court's action is being taken within 180 days after entry of the Judgment, *see* Fed. R. App. P. 4(a)(6)(B); and that no party will be prejudiced by the relief granted, Fed. R. App. P. 4(a)(6)(C).

**PETITIONER MUST MOVE PROMPTLY TO PROTECT HIS RIGHT TO APPEAL.  HE MAY LOSE THAT RIGHT AS EARLY AS NOVEMBER 30, 2010 UNLESS HE DOES SO.**

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| GREGORIO ORTIZ, JR., <br><br> Petitioner, <br><br> v. <br><br> DOMINGO URIBE, JR., <br><br> Respondent. | No. CV 10-04965-AHM (VBK) <br><br> JUDGMENT |

Pursuant to the Order Summarily Dismissing Petition for Writ of Habeas Corpus for Lack of Subject Matter Jurisdiction,

**IT IS ADJUDGED** that this action is summarily dismissed pursuant to Rule 4 of the Rules Governing §2254 Cases in the United States District Courts.

DATED: July 19, 2010

_____
A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE

**JS-6**

Exhibit A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| GREGORIO ORTIZ, JR., | No. CV 10-04965-AHM (VBK) |
| Petitioner, | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |
| v. | |
| DOMINGO URIBE, JR., | |
| Respondent. | |

On July 6, 2010, Gregorio Ortiz, Jr. (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," pursuant to 28 U.S.C. §2254.  Petitioner was convicted by a jury in Los Angeles County Superior Court in Case No. KA05283 in December of 2001 of second degree robbery in violation of California Penal Code ("PC") §211, carjacking in violation of PC §215(a) and grand theft auto in violation of PC §487(d) with a true finding that he personally used a deadly weapon in violation of PC §12022.5(b)(1) and (2) and suffered two prior convictions in violation of PC §667(a)(1).  Petitioner was sentenced to state prison for a term of 91 years. (<u>See</u> Petition at 1-2; attached pages.) Petitioner has raised the following claims in the within petition: "(1) actual

Exhibit B

innocence; and (2) nondisclosure of witness names." (See Petition at 5; attached memorandum.)

It appears from the face of the Petition that it is directed to the same 2001 Los Angeles County Superior Court conviction as a prior habeas petition filed by Petitioner in this Court on May 18, 2006 in Case No. CV 06-03072-AHM (VBK).[1]

---

[1] The Court takes judicial notice of its own files and records. See Mir v Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988). On May 18, 2006, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" in the United States District Court for the Central District of California, which was given Case No. CV 06-03072-AHM (VBK). In this Petition, Petitioner raised the following claims: (1) "Miscarriage of justice due to constitutionally mandated discovery concealed; (2) Illegally imprisoned in violation of the United States Constitution and if not heard the Constitution would be triumphed [sic]; and (3) Trial court abused its power for continuance." (See Petition at 5 and attached pages.)

The Court also notes Petitioner filed two other federal habeas petitions regarding Los Angeles Superior Court Case No. KA051285. On January 4, 2005, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" in the United States District Court for the Central District of California, which was given Case No. CV 05-00052-PSG (FMO). In this Petition, Petitioner raised the following claims: (1) The prosecution offered perjured testimony; (2) the prosecution suppressed exculpatory evidence; (3) the Confrontation Clause was violated by the admission of the out-of-court statement of an unavailable witness; (4) The trial court improperly admitted irrelevant and prejudicial evidence of the 911 call reporting the assault incident, in violation of Petitioner's rights to due process and a fair trial; (5) A statement Petitioner made to the arresting police officer should not have been admitted at trial because, prior to making it, Petitioner was not advised of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602 (1966); (6) The prosecution committed misconduct by making certain misrepresentations during closing argument; (7) The government committed "outrageous" misconduct; (8) Certain of the trial court's rulings, discussion of the evidence and trial procedure, and the alleged actions or commissions reflected judicial bias against Petitioner; (9) Petitioner's sentence constitutes cruel and unusual punishment; and (10) Petitioner's sentence is impermissible because it reflects punishment only for Petitioner's prior criminal record, not his current offenses. (See Petition at 2-27.) On March 19, 2008, Judgment was entered denying and dismissing the Petition.

(continued...)

On June 11, 2008, Judgment was entered in Case No. CV 06-03072-AHM (VBK), denying the petition and dismissing the action with prejudice, pursuant to the District Judge's Order approving and adopting the Magistrate Judge's Report and Recommendation.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214)("the Act"), which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. §2244(b) to read, in pertinent part, as follows:

> "(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed unless--
>
> (2) (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence

---

[1](...continued)
On June 17, 2010, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" in the United States District Court for the Central District of California, which was given Case No. CV 10-04470-AHM (VBK). In this Petition, Petitioner raised the following claims: "(1) actual innocence; and (2) false evidence/ insufficient evidence." (See Petition at 5; attached memorandum.) On June 30, 2010, an Order Summarily Dismissing Petition for Writ of Habeas Corpus for Lack of Subject Matter Jurisdiction was issued.

3
Exhibit B

1        that, but for constitutional error, no reasonable factfinder
2        would have found the applicant guilty of the underlying
3        offense.
4     (3)(A) <u>Before a second or successive application permitted
5   by this section is filed in the district court, the applicant
6   shall move in the appropriate court of appeals for an order
7   authorizing the district court to consider the application</u>."
8   (Emphasis added.)

10   The Petition now pending constitutes a second and/or successive
11 petition challenging the same conviction as Petitioner's prior habeas
12 petitions, within the meaning of 28 U.S.C. §2244(b). Thus, it was
13 incumbent on Petitioner under §2244(b)(3)(A) to secure an order from
14 the Ninth Circuit authorizing the District Court to consider the
15 Petition, prior to his filing of it in this Court. Petitioner's
16 failure to do so deprives the Court of subject matter jurisdiction.
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27
28

1  For the foregoing reasons, **IT IS ORDERED** that this action be
2 summarily dismissed pursuant to Rule 4 of the Rules Governing Section
3 2254 Cases in the United States District Courts.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 19, 2010

_____
A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE

Presented this __15th__ day of
July, 2010 by:

_____/s/_____
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE